UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS BYARS,

   Plaintiff,

    v.       CAUSE NO. 3:25-CV-215-GSL-AZ

RON NEAL,

   Defendant.

<u>OPINION AND ORDER</u>

Marcus Byars, a prisoner without a lawyer, filed a motion to amend his complaint and an amended complaint. ECF 16, 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Byars's amended complaint contains unrelated claims. Byars is suing nine people for three different events that occurred at the Indiana State Prison ("ISP"). First, he alleges that, on October 30, 2024, while he was playing basketball, an inmate hit him in the mouth with his elbow, knocking out his front right tooth and breaking the tooth beside it. ECF 19 at 3. He requested medical help but was told there was no dentist at ISP and nurses in the medical unit also refused to treat him. *Id*. The broken tooth fell off

several days later, exposing the nerve and causing him a great deal of pain. *Id*. Byars asserts his Eighth Amendment rights were violated because Warden Ron Neal and Assistant Warden Dawn Buss knew he was suffering from an exposed nerve in his gum but refused to "give [him] the usual treatment anyone can see needed to be done." *Id*.

Byars next asserts that, in April 2025, Case Manager Carney violated his First Amendment rights by impeding his access to this court. *Id*. He states Case Manager Carney caused him to miss a filing date when she belatedly returned documents to him that required corrections. *Id*. at 4. Byars also asserts that Case Manager Carney, Unit Team Manager Bane, and an unnamed mailroom supervisor impeded access to his post-conviction case because he could not file motions in that case. *Id*.

Byars further asserts that he has been subjected to intolerable prison conditions at ISP. *Id*. These conditions include being exposed to an unlimited number of illegal drugs, which caused him to relapse in July 2025. *Id*. He states an inmate also gave him Fentanyl and sexually assaulted him in either August 2024 or 2025. *Id*. at 5. He claims Warden Neal, Assistant Warden Buss, Unit Team Manager Bane, Case Manager Carney, Dr. Sims, Officer Franklin, and RWI Vickers are responsible for the intolerable conditions because he made them aware of the drug problems and sexual assault that resulted from drug use. *Id*. at 6.

Byars may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims

all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Byars's claims are not related. His medical claim does not arise from the same transaction or occurrence as his claims pertaining to being denied access to the courts and being subjected to intolerable conditions. While claims may sometimes be brought in the same lawsuit if the same defendant(s) are involved in each claim, this link is not explicit here. Therefore, Byars cannot proceed on three separate claims concerning different defendants and different facts; they are not related.

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Byars needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file a second amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he

needs to file separate lawsuits. If Byars is unable to select related claims on which to proceed in this case, the court has the ability to pick a claim to proceed and dismiss the rest. *See Wheeler*, 689 F.3d at 683 ("A district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21.").

Byars will be granted an opportunity to file a second amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file a second amended complaint, he needs to use this court's approved prisoner complaint form, a **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form, which is available from the prison's law library. He must write this cause number on the second amended complaint and explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

As a final matter, Byars filed a motion to amend his complaint. ECF 16. The motion was unnecessary because the court had already given him instructions to file an amended complaint. ECF 15. Because the motion was unnecessary, it will be denied.

For these reasons, the court:

(1) DENIES the Request to Amend Plaintiff's Complaint (ECF 16);

(2) DIRECTS the clerk to edit the docket text of ECF 19 from "Receipt of Proposed Amended Complaint" to "Amended Complaint";

(3) GRANTS Marcus Byars until **October 8, 2025**, to file a second amended complaint; and

(4) CAUTIONS Marcus Byars that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 19, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT